SAMUEL MESERVE and another, in equity,

*vs.*

CHARLES E. WELD and another.

York.   Opinion December 27, 1883.

*Insolvency. Preference.*

A manufacturer of lumber made a conveyance to a creditor by a bill of sale, which was recorded, of all his lumber, manufactured and unmanufactured, and all the machinery in his mill, and received from the vendee a writing which was not recorded, showing that the sale was intended only as security. It appeared that the conveyance was within four months of the time when the vendor was declared insolvent, that he was then insolvent, and the vendee had reasonable cause to believe him insolvent. *Held*, that the sale was not in the usual course of the vendor's business and was *prima facie* a preference in violation of the insolvent law.

BILL IN EQUITY.

Heard on bill, answer and proofs.

The defendants were the assignees in insolvency of Palmer, Brooks and Maddox, of Buxton.

The opinion states the material facts.

*Herbert M. Sylvester*, for the plaintiffs.

*R. P. Tapley*, for the defendants.

WALTON, J.   This is a suit in equity to recover from the assignees of an insolvent firm the proceeds of property which the plaintiffs claim had been conveyed to them as security before the proceedings in insolvency were commenced.   The assignees defend the suit upon the ground that the conveyance was within four months of the time when the insolvency proceedings were commenced, and that the conveyance was in fraud of the insolvency act.

We think the defense is sustained.   That the conveyance was within four months of the time when the vendors were declared insolvent is not controverted.   That the vendors were insolvent at the time of the conveyance, and that the plaintiffs had reasonable cause to believe them to be insolvent, will not admit of doubt.   The conveyance was not in the usual course of the vendors' business.   Their business was the manufacture of lumber of various kinds, and the conveyance included not only manufactured lumber, but lumber not manufactured, and all the machinery with which the vendors could continue their manufactures. If enforced, the conveyance would have put a stop to their business. And, although the bill of sale, which was recorded, was, in terms, absolute, the vendees gave to the vendors a separate writing, not recorded, showing that the sale was intended as security only. It is unnecessary to repeat that such a transaction could not be in the usual course of the vendors' business.   Not being a sale in the usual course of the vendors' business, the insolvent law, (§ 48) declares that it shall be deemed, *prima facie*, as intended to secure to the purchasers a preference in violation of the insolvent act; and the evidence, instead of rebutting this presumption, confirms it.   Our conclusion, upon the whole evidence,

is, therefore, that the plaintiffs are not entitled to the relief prayed for in their bill.

> *Bill dismissed with single costs for the defendants.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.